[Doc. No. 47]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROLLO A. BARKER,<br><br>      Plaintiff,<br><br>      v.<br><br>CHRISTOPHER KEEZER,<br><br>      Defendant. | Civil No. 08-1487-JBS-KMW |

### ORDER

THIS MATTER having come before the Court on the "Motion for the Production of Documents and Things" filed by Plaintiff Pro Se, Rollo A. Barker, seeking to subpoena certain documents from various entities; and the Court having considered the submissions of the parties; and the Court having considered this matter pursuant to Fed. R. Civ. P. 78; and

THE COURT finding that Plaintiff has filed an identical motion with this Court which the Honorable Judge Joel Schneider denied (Docket, [Doc. No. 42] March 26, 2009 Order.); and

THE COURT finding that, for the reasons provided in Judge Schneider's March 26, 2009 Order, Plaintiff's motion must be denied.

CONSEQUENTLY for the reasons set forth above and for good cause shown:

IT IS on this 23rd day of September 2009,

**ORDERED** that Plaintiff's Motion for the Production of Documents and Things [47] shall be, and hereby is, **DENIED** without prejudice. Judge Schneinder's March 26, 2009 Order is annexed to this Order in the event that Plaintiff does not have a copy of said Order; and it is further

**ORDERED** that if Plaintiff seeks to subpoena the documents referenced in the motion he shall request the issuance of a subpoena from the Clerk of the Court as set out in Federal Rule of Civil Procedure 45. After request and issue of said subpoena, Plaintiff must abide by the other requirements of the rule. A copy of that rule is annexed to this Order.

s/ Karen M. Williams
KAREN M. WILLIAMS
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jerome B. Simandle

## RULE 44.1 DETERMINING FOREIGN LAW

A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

## RULE 45. SUBPOENA

**(a) In General.**

**(1) Form and Contents.**

**(A) Requirements — In General.** Every subpoena must:

(i) state the court from which it is issued;

(ii) state the title of the action, the court in which it is pending, and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(c) and (d).

**(B) Command to Attend a Deposition — Notice of the Recording Method.** A subpoena commanding attendance at a deposition must state the method for recording the testimony.

**(C) Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.** A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.

**(D) Command to Produce; Included Obligations.** A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.

**(2) Issued from Which Court.** A subpoena must issue as follows:

(A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;

(B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and

(C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

**(3) Issued by Whom.** The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

**(b) Service.**

**(1) By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas.** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena

---

## FEDERAL RULES OF CIVIL PROCEDURE

## RULE 45

requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

**(2) Service in the United States.** Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

**(3) Service in a Foreign Country.** 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

**(4) Proof of Service.** Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

**(c) Protecting a Person Subject to a Subpoena.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**

**(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party, nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A) When Required.** On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;



## FEDERAL RULES OF CIVIL PROCEDURE

RULE 49

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B) When Permitted.** To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information.

**(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.

**(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim, and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## RULE 46. OBJECTING TO A RULING OR ORDER

A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

## RULE 47. SELECTING JURORS

**(a) Examining Jurors.** The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper.

**(b) Peremptory Challenges.** The court must allow the number of peremptory challenges provided by 28 U.S.C. § 1870.

**(c) Excusing a Juror.** During trial or deliberation, the court may excuse a juror for good cause.

## RULE 48. NUMBER OF JURORS; VERDICT

A jury must initially have at least 6 and no more than 12 members, and each juror must participate in the verdict unless excused under Rule 47(c). Unless the parties stipulate otherwise, the verdict must be unanimous and be returned by a jury of at least 6 members.

## RULE 49. SPECIAL VERDICT; GENERAL VERDICT AND QUESTIONS

**(a) Special Verdict.**

**(1) In General.** The court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact. The court may do so by:

(A) submitting written questions susceptible of a categorical or other brief answer;

(B) submitting written forms of the special findings that might properly be made under the pleadings and evidence; or

(C) using any other method that the court considers appropriate.

**(2) Instructions.** The court must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue.

**(3) Issues Not Submitted.** A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury

[Doc. Nos. 22 and 23]

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| **ROLLO A. BARKER** | : |
| **Plaintiff,** | : |
| v. | : Civil No. 08-1487 (JBS) |
| **CHRISTOPHER KEEZER** | : |
| **Defendant.** | : |

### ORDER

This matter is before the Court on the "Motion for the Production of Documents and Things" [Doc. No. 22] filed by Rollo A. Barker, Plaintiff pro se. With his motion, Plaintiff enclosed a copy of a subpoena directed to third parties, the "Mayor, and the City of Montville, New Jersey, Police Department." Plaintiff's subpoena seeks documents from the Internal Affairs files of the Montville Police Department, as well as the Montville Mayor's Office, the Morris County Jail, Chilton Memorial Hospital, and the Office of the Clerk of Court for the U.S. District Court, District of N.J., Camden Vicinage. Eric L. Harrison, Esquire, counsel for Defendant, Christopher Keezer, filed a motion to quash the subpoena [Doc. No. 23] in regard to the production of any Internal Affairs files in the possession of the Township of Montville. For the reasons stated herein, Plaintiff's motion is DENIED without prejudice and Defendant's motion is DENIED as moot.

Plaintiff filed this §1983 action against Montville Township Police Officer Christopher Keezer alleging that Keezer used excessive force when apprehending him on

April 13, 2006, which resulted in his hospitalization for facial injuries. On November 11, 2008, Plaintiff filed an amended complaint naming Art Daughtry, Mayor of Montville Township, Richard Cook, Montville's Chief of Police, Edward Rosellini, Captain of Police, Operations Committee and Wayne Gaurino, Captain, Service Division as well as two John Does as defendants [Doc. No. 19]. On motion by Defendant Keezer [Doc. No. 20], the Court struck Plaintiff's amended complaint which was filed without leave of court and after the statute of limitations on the §1983 claim had expired [Doc. No. 41].

In his certification to his present motion Plaintiff argues that he has made two or more attempts to obtain Defendant's police records. Plaintiff also argues that he requested Defendant's disciplinary records as well as all pertinent materials relating to complaints made by citizens and internal investigations of abuse and/or excessive force incidents in which Keezer was involved. Plaintiff's subpoena seeks:

> 1. Internal Affairs Reports, Citizen's Complaints filed at the Mayor's Office, City Hall or Annex, reports/complaints filed with the County or Municipal Court Prosecutor's Office, lodged or reports that have been lodged in the past . . .concerning misconduct, allegations of excessive force used by the defendants or any other members of the city of Montville's Police Department, and the investigation reports, and decision/action taken in each instance" between January 2000 until November 1, 2008.
>
> 2. [R]eports at the Morris County Correctional Facility . . . of all complaints of abuse, excessive force lodges against the city of Montville's Police Department, and all intake at the county jail of instances of prisoner's [sic] that were transported to the county jail by the Montville Police Department, who had to be first taken to the emergency room at the Chilton Memorial Hospital . . .for injuries the prisoner's [sic] /arrestees suffered during their arrest and transport to the county jail by the City of Montville Police Department from January 2000 until November 1, 2008.
>
> 3. [A]ll documents, records, intake emergency room visits at the Chilton Memorial Hospital . . . of all arrestees/prisoners brought to the emergency room by the City of Montville Police Department for treatment of injuries allegedly incurred during their arrest /detention by the police for the year starting January 1, 2008 to until November 1, 2008.

4. All civil rights suits filed in the Federal District Court, for the district of New Jersey Camden Vicinage, of suits against the city of Montville, New Jersey Police Department, for civil rights violations of same, by citizens/detainees/arrestees, or any other citizens' [sic] who alleged violations of their civil rights at the hands of the Montville police pertaining to their use of excessive force in the performance of their duties, and injuries allegedly suffered by said citizens.

Pursuant to Fed. R. Civ. P. 34(c) and 45(e), a court may compel a person not a party to the action to comply with a properly served subpoena to produce documents and things or to submit to an inspection. Fed. R. Civ. P. 45(a)(3) requires the Clerk of the Court to issue a signed subpoena to the requesting party. The Rule also requires that before the subpoena is served notice must be given to each party and the subpoena must be served by delivering a copy to the named person. Fed. R. Civ. P. 45(b)(1). A plaintiff who is proceeding pro se and in forma pauperis may be entitled to issuance of a subpoena ordering the production of documents from non-parties as well as service of the subpoena by the United States Marshal pursuant to 28 U.S.C. §1915(d). See Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991). However, Plaintiff must still pay the service fee. Id. ("[§1915(d)] does not mean that the in forma pauperis plaintiff's discovery costs are either are underwritten or are waived").

Here, Plaintiff has not provided evidence in his Motion papers that his subpoena was properly served upon the named third parties pursuant to Fed. R. Civ. P. 45. Further, the Court questions whether Plaintiff served a valid subpoena since the copy included with Plaintiff's motion does not appear to be signed or issued by the Clerk of the Court. Additionally, Plaintiff does not present evidence that his subpoena was received by the named third parties.

Accordingly,

IT IS on this 26th day of March 2009 hereby

ORDERED that Plaintiff's Motion for Production of Documents and Things is DENIED without prejudice to Plaintiff's right to re-file his motion after he has complied with Fed. R. Civ. P. 45; and it is further

ORDERED that Defendant's Motion to Quash Plaintiff's Subpoena and for Protective Order is DENIED as moot since Defendant is under no present duty to produce the requested documents; and it is further

ORDERED that Plaintiff's subpoena shall be deemed to be a document request directed to Defendant Keezer. Defendant shall serve his response to Plaintiff's document request by April 30, 2009. Keezer shall respond on behalf of himself and not any other person or entity who is not a named party in the case; and it is further

ORDERED that if Defendant intends to produce confidential documents to Plaintiff and requests the entry of a Discovery Confidentiality Order ("DCO"), Defendant shall arrange for the execution by all parties of the DCO form attached as Exhibit S to the New Jersey Local Federal Rules of Civil Procedure. The executed DCO shall be submitted to the Court with an affidavit pursuant to L. Civ. R. 5.3

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge